UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNE B. AXELROD,

                      Plaintiff,              **ANSWER**

      -against-                        07-CV-11379
                                                      Judge Sullivan

HARRIS INTERACTIVE INTERNATIONAL, INC.
and HARRIS INTERACTIVE INC.,

                      Defendants.

---

        Defendants Harris Interactive International, Inc. and Harris Interactive Inc. (collectively "Harris Interactive"), by and through their attorneys Harris Beach PLLC, for their answer to plaintiff's Complaint respond as follows:

        1.      With respect to the allegations contained in paragraph "1" of the Complaint, defendants deny that the paragraph contains answerable allegations, admit that the Complaint purports to bring an action pursuant to the Age Discrimination in Employment Act ("ADEA"), New York State Human Rights Law and New York City Administrative Code, deny any violation of said laws, and refer to the statutes for their true and correct content.

        2.      With respect to the allegations contained in paragraph "2" of the Complaint, defendants admit that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and that plaintiff was terminated on October 10, 2006 and otherwise deny the remaining allegations contained in said paragraph.

        3.      Defendants admit the allegations contained in paragraph "3" of the Complaint.

        4.      Defendants admit the allegations contained in paragraph "4" of the Complaint.

5. With respect to the allegations contained in paragraph "5" of the Complaint, defendants refer to the statutes, rules and legal authorities cited therein for their true and correct content only, and otherwise deny the remaining allegations contained in this paragraph.

6. With respect to the allegations contained in paragraph "6" of the Complaint, defendants refer to the statutes, rules and legal authorities cited therein for their true and correct content only, and otherwise deny the remaining allegations contained in this paragraph.

7. With respect to the allegations contained in paragraph "7" of the Complaint, defendants refer to the statutes, rules and legal authorities cited therein for their true and correct content only, and otherwise deny the remaining allegations contained in this paragraph.

8. Defendants deny information to form a belief as to the truth or falsity of the allegations contained in paragraph "8" of the Complaint.

9. With respect to the allegations contained in paragraph "9" of the Complaint, defendants admit that they are corporations organized under Delaware Law, that they are authorized to do business in New York, that their corporate headquarters are located in Rochester, New York, and that they have an office located at 161 Sixth Avenue, New York, New York and otherwise deny the remaining allegations contained in said paragraph.

10. With respect to the allegations contained in paragraph "10" of the Complaint, defendants admit that they are corporations organized under Delaware Law, that they are authorized to do business in New York, that their corporate headquarters are located in Rochester, New York, and that they have an office located at 161 Sixth Avenue, New York, New York and otherwise deny the remaining allegations contained in said paragraph.

11. Defendants deny information to form a belief as to the truth or falsity of the allegations contained in paragraph "11" of the Complaint.

12. With respect to the allegations contained in paragraph "12" of the Complaint, defendants admit that plaintiff was hired in February, 1999 as a Senior Vice President and deny the remaining allegations contained in said paragraph.

13. With respect to the allegations contained in paragraph "13" of the Complaint, defendants admit that Louis Harris & Associates became a wholly owned subsidiary of Harris Interactive Inc. and that plaintiff was employed as Senior Vice President by Harris Interactive, and otherwise deny the remaining allegations contained in said paragraph.

14. With respect to the allegations contained in paragraph "14" of the Complaint, defendants admit that plaintiff supervised employees in the healthcare research division, that plaintiff played a role in increasing revenue in that division and that said division was a large division, and otherwise deny the remaining allegations contained in said paragraph.

15. Defendants deny the allegations contained in paragraph "15" of the Complaint.

16. With respect to the allegations contained in paragraph "16" of the Complaint, defendants admit that plaintiff was transferred out of the healthcare division and into the media and entertainment division due to her dysfunctional behavior and that the media and entertainment division was a smaller division, and otherwise deny the remaining allegations contained in said paragraph.

17. With respect to the allegations contained in paragraph "17" of the Complaint, defendants admit that the media and entertainment division had smaller revenue targets, and otherwise deny the remaining allegations contained in said paragraph.

18. Upon information and belief, defendants deny the allegations contained in paragraph "18" of the Complaint.

19. Defendants deny the allegations contained in paragraph "19" of the Complaint.

20. Defendants deny the allegations contained in paragraph "20" of the Complaint.

21. With respect to the allegations contained in paragraph "21" of the Complaint, defendants refer to the alleged e-mail for its true and correct content, and otherwise deny the allegations contained in said paragraph.

22. With respect to the allegations contained in paragraph "22" of the Complaint, defendants admit that plaintiff was moved to a sales role in the financial services division in or about June-July of 2005, and otherwise deny the remaining allegations contained in said paragraph.

23. Upon information and belief, defendants deny the allegations contained in paragraph "23" of the Complaint.

24. Defendants deny the allegations contained in paragraph "24" of the Complaint.

25. Defendants deny the allegations contained in paragraph "25" of the Complaint.

26. Defendants admit the allegations contained in paragraph "26" of the Complaint.

27. Defendants deny the allegations contained in paragraph "27" of the Complaint.

28. Defendants deny the allegations contained in paragraphs "28" of the Complaint.

29. Defendants deny the allegations contained in paragraphs "29" of the Complaint.

30. With respect to the allegations contained in paragraph "30" of the Complaint", defendants repeat and reallege their responses to paragraphs "1" through "29" as if fully set forth herein at length.

31. Defendants admit the allegations contained in paragraph "31" of the Complaint.

32. Defendants admit the allegations contained in paragraph "32" of the Complaint.

33. Defendants deny information to form a belief as to the truth or falsity of the allegations contained in paragraph "33" of the Complaint.

34. With respect to the allegations contained in paragraph "34" of the Complaint, defendants refer to the statutes cited therein for their true and correct content and deny the allegations of said paragraph to the extent it is inconsistent with said statutes.

35. With respect to the allegations contained in paragraph "35" of the Complaint, said allegations contain legal conclusions to which no response is required.

36. Defendants deny the allegations contained in paragraph "36" of the Complaint.

37. Defendants deny the allegations contained in paragraph "37" of the Complaint.

38. Defendants deny the allegations contained in paragraph "38" of the Complaint.

39. With respect to the allegations contained in paragraph "39" of the Complaint", defendants repeat and reallege their responses to paragraphs "1" through "38" as if fully set forth herein at length.

40. Defendants admit the allegations contained in paragraph "40" of the Complaint.

41. Defendants admit the allegations contained in paragraph "41" of the Complaint.

42. With respect to the allegations contained in paragraph "42" of the Complaint, defendants refer to the statutes cited therein for their true and correct content and deny the allegations of said paragraph to the extent it is inconsistent with said statutes.

43. Defendants deny the allegations contained in paragraph "43" of the Complaint.

44. Defendants deny the allegations contained in paragraph "44" of the Complaint.

45. Defendants deny the allegations contained in paragraph "45" of the Complaint.

46. Defendants deny the allegations contained in paragraph "46" of the Complaint.

47. With respect to the allegations contained in paragraph "47" of the Complaint", defendants repeat and reallege their responses to paragraphs "1" through "46" as if fully set forth herein at length.

48. Defendants admit the allegations contained in paragraph "48" of the Complaint.

49. With respect to the allegations contained in paragraph "49" of the Complaint, defendants refer to the statutes cited therein for their true and correct content and deny the allegations of said paragraph to the extent it is inconsistent with said statutes.

50. Defendants deny the allegations contained in paragraph "50" of the Complaint.

51. Defendants deny the allegations contained in paragraph "51" of the Complaint.

52. Defendants deny the allegations contained in paragraph "52" of the Complaint.

53. Defendants deny each and every allegation of the Complaint not heretofore admitted, denied or otherwise controverted.

### FIRST AFFIRMATIVE DEFENSE

54. The plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

55. The Complaint should be dismissed as the employment decisions involving or affecting plaintiff were based upon legitimate business reasons, supported by good cause, and were not motivated by unlawful discrimination.

### THIRD AFFIRMATIVE DEFENSE

56. The plaintiff was not subjected to disparate treatment as defendant's practices and policies were applied consistently to all employees regardless of age.

### FOURTH AFFIRMATIVE DEFENSE

57. The plaintiff's claims of age discrimination should be dismissed to the extent that the relevant decision-makers with respect to plaintiff's employment are members of the same protected class as the plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred to the extent that they are based upon allegations that are outside the scope of the underlying charge that was filed with the Equal Employment Opportunity Commission.

### SIXTH AFFIRMATIVE DEFENSE

59. Upon information and belief, plaintiff's claims are barred under the doctrines of waiver, estoppel, and "unclean hands".

### SEVENTH AFFIRMATIVE DEFENSE

60. Upon information and belief, the plaintiff's claims are barred in whole or in part because she failed to mitigate his damages.

### EIGHTH AFFIRMATIVE DEFENSE

61. Plaintiff's Complaint should be dismissed to the extent that it is barred by the applicable limitations period.

### NINTH AFFIRMATIVE DEFENSE

62. Plaintiff's claims are barred to the extent she failed to exhaust her administrative remedies.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint in its entirety on the merits and demand such other and further relief as this Court deems just and proper, including the costs, disbursements and reasonable attorneys' fees necessitated by this action.

Dated: January 18, 2008
New York, New York

HARRIS BEACH PLLC

By: _____
Judi Abbott Curry (Bar No. 4706)
Attorneys for Defendants
100 Wall Street
New York NY 10005
Telephone: (212) 313-5404
Facsimile: (212) 687-0659

Brian Laudadio, of Counsel
99 Garnsey Road
Pittsford, New York 14534
Telephone: (585) 419-8800

TO:   Joseph Monaco, Esq.
      150 East 58th Street – 34th Floor
      New York, New York 10155
      Telephone: (212) 486-4244

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was served electronically via the Court's electronic filing system or via ordinary mail on the 18th day of January, 2008 upon the following:

TO:   Joseph Monaco, Esq.
      150 East 58th Street – 34th Floor
      New York, New York 10155
      Telephone: (212) 486-4244

_____
Judi Abbott Curry, Esq. (Bar No. 4706)